# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.: 4:19-CR-271 |
| | ) | |
| ADIL MUNIR YUSUF | ) | |
| | ) | |
| **Defendant** | ) | |

## DEFENDANT'S EMERGENCY MOTION TO RECONSIDER
## ORDER EXTENDING STAY OF RELEASE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Adil Munir Yusuf, Defendant in the above styled and numbered cause, by and through his attorneys of record, and moves the Court to reconsider its order of January 16, 2020, that extended the stay on the magistrate's Release Order of January 15, 2020, that ordered Defendant Yusuf be released on $50,000 bond:

## SUMMARY OF ARGUMENT

Defendant respectfully asks the Court to allow him to appear at the hearing of the Government's appeal of the Release Order via videoconference using the existing equipment available in the courthouses. The Federal Criminal Rules of Procedure do not require the physical presence of a defendant for a detention hearing, and they explicitly allow for the use of videoconference at events such as initial appearances and arraignments. Mr. Yusuf should be allowed to participate in the hearing via videoconference as soon as possible instead of being transported in custody to Texas, which will likely take well over a week. Balancing the equities of a defendant who has already shown himself eligible for pretrial bond versus the burden of his

custody, the cost to the Government, and the likelihood of his release, the Defendant respectfully urges the Court to amend its order to (a) maintain the stay only as long as it takes to arrange for a videoconference link that will allow Mr. Yusuf to participate in the hearing from California, and (b) order that Mr. Yusuf not be transferred from the Central District of California until such hearing can be held.

## BACKGROUND

Mr. Yusuf is a U.S. citizen who has lived in the Los Angeles, California area for over 20 years. He has been married since 2003 and has lived in the same house with his wife since that time. They are raising their two teenage children there. He has worked for American Airlines since 1998 and has no criminal history.

On November 13, 2019, AUSA Heather Rattan of the Eastern District of Texas sent a target letter to Mr. Yusuf, advising him that he was a target of a federal investigation into an alleged drug smuggling conspiracy and stating that she would be presenting his case to the grand jury for indictment shortly. Despite Mr. Yusuf hiring attorneys and attempting to discuss the case with Ms. Rattan, the grand jury issued a superseding indictment on December 13, 2019.

Over two months after he first learned of the case, on January 15, 2020, DEA agents approached Mr. Yusuf at his workplace and arrested him. The Government moved to detain him without bond pending trial. U.S. Magistrate Judge Rozella Oliver ruled that he was not a flight risk or danger to the community and ordered him to post a $50,000 bail and surrender his passport. (*See* Order Granting Bond to Defendant, Dkt. Entry No. 29.) She then stayed her own order for 24 hours to allow the Government file an appeal to this Court, which the Government filed on January 16, 2020. (*Id*.)

This Court then issued an order on January 16, 2020, extending the stay of the magistrate's Release Order until January 31, 2020, and ordering that Mr. Ysuuf be held in custody and transferred to the Eastern District of Texas to be present in person for a hearing on the Government's appeal.

## ARGUMENT

As the Court in California easily recognized, Mr. Yusuf is not a flight risk or a danger to the community – and the Government has implicitly recognized as much. Every allegation the government has presented to the Courts to support pretrial detention was known to the Government <u>over two months ago</u>. Instead of immediately arresting Mr. Yusuf at that time to prevent him from fleeing and to secure the safety of the community, the Government sent him a letter stating it was going to prosecute him. For his part, Mr. Yusuf did not flee, but rather hired counsel to deal directly and promptly with the Government. Given these facts, it is clear the Government does actually view Mr. Yusuf as a flight risk or danger. In these circumstances, the Government's appeal motion should not act as a de facto overruling of the Release Order, resulting in the continued custody of Mr. Yusuf for what could be as long as two or three weeks. Instead, the Court should allow the use of videoconferencing because the Federal Rules contemplate its use to promote fairness and avoid delay.

<u>*The Federal Rules of Criminal Procedure allow for the use of videoconferencing.*</u>

Federal Rule of Criminal Procedure 43 lists the specific instances when a defendant must be present and cannot appear by videoconference:

> (a) WHEN REQUIRED. Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:
> (1) the initial appearance, the initial arraignment, and the plea;
> (2) every trial stage, including jury impanelment and the return of the verdict; and
> (3) sentencing.

(Fed. R. Crim. Pro. 43(a)(1-3).) Notably, it does not list detention hearings as one of the events a defendant must be present for. Further, both FRCP 5 (covering initial appearances) and FRCP 10 (covering arraignments) explicitly allow for the defendant to appear by videoconference if the defendant consents. *See* Fed. R. Crim. Pro. 5(f) ("Video teleconferencing may be used to conduct an appearance under this rule if the defendant consents.") and 10(c) ("Video teleconferencing may be used to arraign a defendant if the defendant consents."). It is standard practice for detention hearings to be held at during initial appearances.

*The Courts are equipped with videoconferencing equipment.*

The website for the U.S. District Court for the Eastern District of Texas indicates that such equipment is readily available in the Eastern District. "Video conferencing is also available at this courthouse location. Video conferencing equipment is available to counsel and/or litigants upon request." (*See* http://www.txed.uscourts.gov/?q=plano-courtroom-105, last visited on January 17, 2020 at 1:01 p.m.) Similarly, the website for the Central District of California indicates it has videoconferencing equipment available. (*See, e.g.*, https://www.cacd.uscourts.gov/clerk-services/courtroom-technology, last visited on January 17, 2020 at 1:04 p.m.) Further, the undersigned has spoken with Mr. Anthony Tafolla of the Central District of California court's IT department, and he indicated he only needed 1 – 2 days' notice to set up a videoconference.

*Allowing Mr. Yusuf to appear by videoconference promotes fairness and avoids unjustifiable expense and delay.*

Mr. Yusuf already appeared before a U.S. magistrate and made a showing to that court that he was not a danger to flee or to the community. The Government disagrees with this ruling, and has the right to appeal to this Court, but the practical result of such appeal – if the defendant has

to be physically present for the appeal hearing – is to overrule the magistrate judge's ruling for a period of one to three weeks without the benefit of a hearing.

Mr. Yusuf is confident this Court, when presented with all of the facts through pleadings and a hearing, will also rule that he is entitled to pretrial bond.[1] The Government itself was not concerned about Mr. Yusuf being free for nearly two months after it revealed that it was going to prosecute him for a federal felony crime. Only two days ago the Government decided he was such a danger to flee to harm the community that he must be incarcerated until trial. Given a high likelihood that Mr. Yusuf will be released on bond, it would work an injustice that he be held in custody and brought from California to Texas. This would result in weeks of incarceration without a hearing that could be held in just a few short days by videoconference. Respectfully, the Government had an opportunity to make a presentation at the detention hearing and was unsuccessful, and now feels it is necessary to prolong this initial dispute via an appeal. Mr. Yusuf should not suffer for that. Allowing him to appear by videoconference allows the Government to fully make its appeal while preserving the principles of fairness to the accused.

Additionally, the use of videoconferencing will save money and resources. There is no need to use Government resources to bring him to Texas prior to the hearing when videoconferencing is available. Further, if he is brought to Texas and then released, Mr. Yusuf will be in Texas with no clothes, no money, and possibly no identification. There is no need to create such a situation. Federal Criminal Rule of Procedure 2 states "These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Defendant respectfully suggests that in the current situation, the use of videoconferencing to

---

[1] Defendant's Response to the Government's Emergency Appeal will be filed shortly, such that the Court will have all available facts and argument before it for a hearing by videoconference.

address the Government's appeal motion will result in fairness and avoid unjustifiable expense and delay.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Honorable Court reconsider and amend its January 16, 2020 order to (a) shorten its stay of the Release Order to the minimum amount of time needed to make arrangements for defendant to appear at the hearing on the Government's Emergency Appeal Motion by videoconference, and (b) order that Mr. Yusuf not be transferred from the Central District of California at this time.

Dated: January 17, 2020

/s/ Christopher Peele\
Christopher L. Peele\
Texas Bar No. 24013308\
Ashcroft Sutton Reyes, LLC\
919 Congress Ave., Ste. 1500\
Austin, TX 78701\
Telephone: (512) 370 1800\
Facsimile: (512) 397-3290\
cpeele@ashcroftlawfirm.com

COUNSEL FOR DEFENDANT\
ADIL MUNIR YUSUF

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2020, I electronically filed the foregoing motion via the Court's CM/ECF system which will serve all counsel of record properly registered with the CM/ECF system.

/s/ Christopher L. Peele\
Christopher L. Peele\
COUNSEL FOR DEFENDANT\
ADIL MUNIR YUSUF